UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WILLIE DUKES,<br><br>Plaintiff,<br><br>v.<br><br>FNU KENDALL, *et al.*,<br><br>Defendants. | Case No. 22-cv-11045<br>Honorable Sean F. Cox<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE FOR FAILURE TO PROSECUTE AND DENYING AS MOOT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF NO. 18)**

### I.   Introduction

Plaintiff Willie Dukes, a prisoner proceeding pro se, sues Defendants Dennis Kendall, Arthur Thomas, Sherman Campbell, and Stacey Ream under 42 U.S.C. § 1983, alleging that defendants retaliated against him in violation of the First Amendment.  ECF No. 1.  The Honorable Sean F. Cox referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 10.

Kendall, Thomas, and Campbell moved for summary judgment on January 25, 2023.  ECF No. 18.  The Court ordered Dukes to respond by

February 15. ECF No. 19. Dukes did not respond, and the order directing his response was returned as undeliverable. ECF No. 20. The order was mailed to Dukes's address of record at Kinross Correctional Facility (KCF). But an offender search on the Michigan Department of Corrections website (OTIS) shows that he is housed at Newberry Correctional Facility (NCF).[1] The Court ordered Dukes to show cause why his claims should not be dismissed for the reasons described in the dispositive motion or for failure to prosecute, warning that failure to respond "may result in a recommendation to dismiss the case." ECF No. 21. Dukes still did not respond.

The record shows a discrepancy between the address Dukes provided the Court and the address reflected on OTIS. But Dukes did not notify the Court of his change of address. Shortly after Dukes filed his complaint, the Court informed him of his obligation under Local Rule 11.2 to notify the Court of an address change and warned that failure to do so could result in the dismissal of his case. ECF No. 4. Dukes has failed to comply with Rule 11.2 and has not responded to orders served at KCF.

The Court thus **RECOMMENDS** that Dukes's complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute and that Kendall,

---

[1] *See* https://perma.cc/AY2Q-K47S (last visited March 10, 2023).

Thomas, and Campbell's motion for summary judgment be **DENIED** as moot.  ECF No. 18.

## II.     Analysis

### A.

If a plaintiff fails to prosecute an action, it can be dismissed either under the Court's inherent power to control its docket or involuntarily under Federal Rule of Civil Procedure 41(b).  *Link v. Wabash R. Co.*, 370 U.S. 626, 629-32 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").  The authority to dismiss a plaintiff's case for failure to prosecute is available to the district court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties."  *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)).  And this Court's local rules provide that when "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or an application of a party, enter an order dismissing the case unless good cause is shown."  E.D. Mich. LR 41.2 (cleaned up).  Dismissal for want of prosecution is ordinarily with prejudice.  Rule 41(b); *Link*, 370 U.S. at 629.

The Sixth Circuit has set forth four factors to be used as guidance when deciding whether a case should be dismissed for failure to prosecute under Rule 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll*, 176 F.3d at 363.  Although Dukes is proceeding pro se, and thus is held to less stringent standards, the leniency granted is not boundless. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).  "Pro se litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines." *Bunting v. Hansen*, No. 05-10116-BC, 2007 WL 1582236, at *2 (E.D. Mich. May 31, 2007) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)) (cleaned up).

Analysis of the *Knoll* factors supports dismissal.  For the first factor, Dukes is at fault because he failed to respond to the dispositive motion and court orders.  The motion was served at Dukes's new address at NCF, while the Court's orders directing Dukes to respond and show cause were sent to KCF.  Since these filings were sent to both addresses, the Court draws a reasonable inference that Dukes was on notice of the motion.

Thus, his failure to respond was either was done in bad faith or is "willful and with fault." *See Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 WL 2051326, *1 (E.D. Mich. May 14, 2013). Dukes also failed to provide the Court with an updated address, showing willfulness or fault on his part. After invoking the processes of this Court, Dukes had an affirmative duty to apprise the Court of his mailing address. *See Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012).

Although there is no evidence that defendants were prejudiced by Dukes's inaction, the third and fourth factors weigh heavily in favor of dismissal. As to the third factor, Dukes was warned that his failure to notify the Court of a change of address could result in dismissal of his action. ECF No. 4. And there is no less drastic sanction available because Dukes has failed to respond to filings as ordered, even after being warned that his failure to respond could lead to the dismissal of his complaint. "[D]ismissal is the only appropriate remedy because [Dukes] has effectively abandoned the case." *Gomez v. Deangelo*, No. 18-14080, 2020 WL 7038612, at *2 (E.D. Mich. Apr. 2, 2020), *adopted*, 2020 WL 7024862 (E.D. Mich. Nov. 30, 2020) (cleaned up).

### III. Conclusion

The Court **RECOMMENDS** that this action be **DISMISSED WITH PREJUDICE** and that defendants' motion for summary judgment be **DENIED** as moot (ECF No. 18).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: March 10, 2023

### **NOTICE TO THE PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.*  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and

recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 10, 2023.

s/Marlena Williams<br>
MARLENA WILLIAMS<br>
Case Manager